SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| In the Matter of a Member of the | ) | Arizona Supreme Court |
| State Bar of Arizona | ) | No. SB-19-0053-AP |
| | ) | |
| DANIEL R. RAYNAK, | ) | Office of the Presiding |
| Attorney No. 10098 | ) | Disciplinary Judge |
| | ) | No. PDJ20189071 |
| Respondent. | ) | |
| _____ | ) | **FILED 11/17/2020** |

**DECISION ORDER**

Respondent Daniel R. Raynak appeals the Hearing Panel's June 6, 2019 Decision and Order Imposing Sanction. The Panel considered twenty charges of unethical conduct arising out of Respondent's representation of one client in a six-month capital murder trial. The Panel found twelve violations and found eight other charges unproven. As a sanction, the Panel imposed a six-month suspension from the practice of law without conditions. This Court stayed the Panel's decision, subject to certain conditions. *Raynak v. O'Neil and State Bar of Arizona*, CV-19-0189-SA.

The Court en banc has considered the record in this case, as well as the briefs of the Respondent, and the State Bar, and Amici Curiae Arizona Attorneys for Criminal Justice and the Arizona Capital Representation Project. Upon consideration of these matters,

**IT IS ORDERED** affirming the Panel's finding of the following four violations: Allegation Nos. 4, 7, 8 and 20.

Specifically, as to Allegation Nos. 4, 7 and 8, reasonable evidence supports the Panel's conclusion that Respondent violated ERs

3.1, 3.4(e) and 8.4(c).  As to Allegation No. 20, reasonable evidence supports the Panel's conclusion that, together with other violations, Respondent violated ER 8.4(d).

**IT IS FURTHER ORDERED** vacating the Panel's findings as to Allegation Nos. 1-3, 6, 9, 13, 14 and 19.  Reasonable evidence does not support these allegations.

In imposing sanctions, the Court is to consider (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. See *In re Alexander*, 232 Ariz. 13 ¶ 49; see also ABA Standard 3.0.

With respect to the duties violated, the evidence at the disciplinary hearing established that Respondent violated ERs 3.1, 3.4(e), 8.4(c) and 8.4(d) by seeking an order precluding the introduction of certain parts of co-defendant Ashley Buckman's statements and then impermissibly suggesting to the jury that the prosecutors were hiding "the truth" from them by not mentioning Buckman's statements.

As to Respondent's mental state, the Court concludes that his violations were calculated and intentional.  Although Respondent claimed that he did not interpret the evidentiary ruling to be a prohibition on either party's ability to discuss Buckman's statements during closing argument, this contention was inconsistent with the court's order and email to counsel.  Thus, despite the trial court's

ruling, Respondent repeatedly misled the jury by suggesting that the prosecutors were hiding evidence.

Next, we conclude Respondent's misconduct resulted in potential injury. "A lawyer's conduct violates ER 8.4(d) if it causes injury or potential injury." *Matter of Martinez*, 248 Ariz. 458, 467 ¶ 33 (2020). Here, although the trial court issued a curative instruction, Respondent misled the jury by arguing that the prosecution did not want it to hear about Buckman's statements.

Finally, the Court affirms the aggravating factors found by the Panel. Additionally, the Court finds two mitigating factors: Respondent's substantial experience handling the most difficult of criminal cases and the absence of a dishonest or selfish motive. Standard 9.32(b) and (g).

**IT IS ORDERED** vacating the Panel's sanction of suspension and imposing a sanction of reprimand.

**IT IS FURTHER ORDERED** placing Respondent on probation for one year from the date of the entry of this order under the following terms and conditions:

1. During the period of probation, Respondent is to obtain six hours of continuing legal education in courtroom professionalism in addition to his annual requirement.

2. Respondent must practice under the supervision of a practice monitor during the period of probation. Within ten business days of the date of this order, Respondent will provide Bar counsel with a

new letter from a member of the Arizona State Bar who has been in good standing for at least 15 years indicating that member's agreement to serve as a practice monitor under the terms of this order. The practice monitor will confer regularly with Respondent to ensure he is maintaining proper professionalism in his written and oral advocacy. In the letter, the practice monitor must also acknowledge the practice monitor's obligations to comply with ER 8.3 by immediately reporting professional misconduct to Bar counsel, and the practice monitor must agree to notify State Bar counsel if practice monitor terminates the agreement with Respondent. Any costs incurred shall be at Respondent's expense.

**IT IS FURTHER ORDERED** that Respondent pay costs and expenses of the disciplinary proceeding in accordance with Rule 60(b), Ariz. R. Sup. Ct.

**IT IS FURTHER ORDERED** terminating the stay and the conditions set forth in the order entered October 29, 2019 in *Raynak v. O'Neil and State Bar of Arizona*, CV-19-0189-SA.

Justice Montgomery did not participate in the determination of this matter.

DATED this 17th day of November 2020.

_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:

Daniel R Raynak
James J Belanger
David E Wood
Brandi Ensign
Jared G Keenan
David J Euchner
Timothy J Agan
Amy Armstrong
Emily Skinner
Sandra Montoya
Maret Vessella
Don Lewis
Beth Stephenson
Mary Pieper
Raziel Atienza
Lexis Nexis